IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE A. ARROYO | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-5027 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                                September 18, 2008

Upon consideration of the brief in support of request for review filed by plaintiff, defendant's response and plaintiff's reply thereto (Doc. Nos. 8, 13, & 14), the court makes the following findings and conclusions:

      1.      On April 6, 2000, Jose A. Arroyo ("Arroyo") filed for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433 alleging an onset date of July 1, 1988. (Tr. 98-100). Arroyo's date last insured was December 31, 1993. This application was denied and Arroyo did not appeal. On September 10, 2003 Arroyo again filed for disability insurance benefits alleging an onset date of July 1, 1988. (Tr. 103-106). After Arroyo's claim was denied, an ALJ held an administrative hearing on October 21, 2004 and rendered an unfavorable decision on February 11, 2005.[1] (Tr. 23-62; 71-74; 15-21). At this hearing, Arroyo changed his alleged onset date to June 28, 1993. (Tr. 28). The ALJ found that Arroyo had the residual functioning capacity ("RFC") to perform sedentary work, but rejected allegations of more restrictive functional limitations. (Tr. 21 Findings 5 & 6). The ALJ concluded that Arroyo could return to his past relevant work and, thus, was not disabled. (Tr. 21 Findings 7 & 8). Arroyo appealed the decision to U.S. district court where, pursuant to a report and recommendation of a U.S. magistrate judge, and the order adopting it by the district court, his case was remanded for another hearing. (Tr. 398-416). The ALJ held a second hearing on April 31, 2007 and entered a second decision on August 6, 2007, again denying benefits for the closed period beginning on June 28, 1993. (Tr. 369-390; 350-361). After the Appeals Council denied review, pursuant to 42 U.S.C. § 405(g), Arroyo filed his complaint in this court on April 15, 2008. (Tr. 4-8; Doc. No. 1).

      2.      In his decision, the ALJ found that Arroyo had a severe impairment of residuals from a lumbar laminectomy performed in 1989. (Tr. 355 Finding 3). The ALJ further concluded that Arroyo's impairment did not meet or equal a listing and that he retained the RFC to perform the full range of light work. (Tr. 356 Findings 4 & 5). Additionally, the ALJ found that Arroyo is illiterate, but concluded that his illiteracy was not determinative of Arroyo's disability given his RFC. (Tr. 360 Finding 8; 360 ¶ 2).[2] The ALJ found that a significant number of jobs

---

[1] On June 23, 2003, Arroyo's hearing was continued to allow him to obtain representation. (Tr. 57-62).

[2] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

existed in the national economy that Arroyo could perform and, thus, he was not disabled.  (Tr. 360 Findings 10 & 11).

        3.     The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence.  Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir 1979).  It is more than a mere scintilla but may be less than a preponderance.  See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).   If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently.  Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

        4.     Arroyo did not request review of his 2000 application, but now claims that the ALJ impliedly reopened his case by considering the entire medical record.  After twelve months, a plaintiff must request a reopening and show good cause for reconsideration within four years of the initial decision.  20 C.F.R §§ 404.987, 404.988.  Unless good cause is shown, *res judicata* bars reconsideration of the same claim by the same individual for the same issues.  20 C.F.R. § 404.957(c)(1); Tobak v. Apfel, 195 F.3d 183, 186 (3d Cir. 1999) (citing Purter v. Heckler, 771 F.2d 682, 691 (3d Cir. 1985)).  The Commissioner considered Arroyo's second application even though he appears to have presented no new material evidence.  (Tr. 23-62; 71-74; 15-21); 20 C.F.R. § 404.989.  The Commissioner reopened Arroyo's 2000 application by administratively reviewing the entire record and adopting the opinion of the ALJ on the merits.  See Tobak, 195 F.3d at 186-88 (citing Coup v. Heckler, 834 F.2d 313, 317 (3d. Cir. 1987)).  Although it does not appear that Arroyo's case should have been reopened, I may not review the decision to reopen Arroyo's case and, thus, must address his arguments on appeal.  Id. at 187-88 (citing Califano v. Sanders, 430 U.S. 99, 107-09 (1977)).

        5.     Arroyo raises two arguments in which he alleges that the determinations by the ALJ were legally insufficient or not supported by substantial evidence.  These arguments are addressed below.  However, upon due consideration of all of the arguments and evidence, I find that the ALJ's decision is legally sufficient and supported by substantial evidence.

        A.     First, Arroyo contends that the ALJ violated the law of the case doctrine by changing his RFC finding on remand from sedentary to light work.  The law of the case doctrine provides that "'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'"  ACLU v. Mukasey, No. 07-2539, 2008 WL 2801759, at *4 (3d Cir. July 22, 2008) (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988).  Federal courts have applied the law of the case doctrine in appeals of social security administration decisions.  See e.g. Key v. Sullivan, 925 F.2d 1056, 1060 (7th Cir. 1991.  The Commissioner correctly argues that he is not bound by the ALJ's first decision as the law of the case.  However, the law of the case doctrine does bind the Commissioner to the decisions of the district court issuing the remand order on appeal.  Key, 925 F.2d at 1060; Brachtel v. Apfel, 132 F.3d 417, 419-20 (8th Cir. 1997).  Courts applying the law of the case doctrine examine the decision of the district court or the report and recommendation by the magistrate judge, and the scope of the remand order.  See e.g., Angevine v. Sullivan, 881 F.2d 519, 522 (7th Cir. 1989) (resolving law of

the case issue by "carefully consider[ing] the remand order); Leslie v. Barnhart, 304 F. Supp. 2d 623, 631 (M.D. Pa. 2003) (reading report and recommendation to determine applicability of law of the case doctrine); Carrillo v. Heckler, 599 F. Supp. 1164, 1168 (D.C.N.Y 1984) (reviewing remand order and district court opinion to address law of the case argument).

    The law of the case doctrine is inapplicable here because the report and recommendation, adopted by the district court, did not actually conclude that Arroyo was limited to sedentary work. (Tr. 398-416). Brachtel, 132 F.3d at 420. The report and recommendation adopted by the district court directed the ALJ to "review the entire record" to determine if Arroyo was disabled, weighing the evidence and articulating his reasoning. (Tr. 414). Contrary to Arroyo's assertion, he was also invited to submit any new evidence to complete the record. (Tr. 367; 415; 422). The remand order did not direct the ALJ to proceed under the RFC finding of a limitation to less than sedentary work. See Brachtel, 132 F.3d at 420. On remand, the ALJ "may take any additional action that is not inconsistent with the Appeal's Council remand order." 20 C.F.R. § 404.977(b). The report and recommendation as adopted by the district court specifically found that the ALJ's determinations at Steps Two and Three were supported by substantial evidence, but merely stated that the ALJ "acted in accordance with his responsibility" in weighing the 1993 RFC opinion of Dr. Balasubramanian upon which he originally relied. (Tr. 408). The magistrate judge found that the decision by the ALJ was not supported by substantial evidence and should be remanded to allow him to "weigh the evidence." (Tr. 405; 414). The law of the case doctrine did not bind the ALJ here where the adopted report and recommendation failed to make a specific finding on Arroyo's RFC.

    B.  Second, Arroyo contends that the ALJ's finding that he could perform light work is not supported by substantial evidence. Specifically, Arroyo argues that the ALJ had no medical evidence for a finding of light work capabilities and erred in rejecting the opinions of treating physicians Drs. Balasubramanian and Hoffman. I note that Arroyo has the burden of producing evidence of a disability, including medical evidence to establish his RFC. 68 Fed. Reg. 51153. Additionally, the RFC determination is reserved to the ALJ. 20 C.F.R. § 404.1527(e)(2). Notably, none of Arroyo's medical opinion evidence comes from the relevant period. (Tr. 162-63; 208-216; 315; 320-21; 340-354). The ALJ discussed the medical evidence on record and explained his reasons for discrediting the opinions from both before and after the relevant period. (Tr. 357 ¶ 1-359 ¶ 3). The ALJ considered the limited objective evidence, Arroyo's spinal surgery, and the medical reports from Dr. Balasubramanian in finding an RFC of light work. (Tr. 359 ¶ 3). Arroyo's own statements in connection with his 2000 application support the ALJ's finding of light work. (Tr. 140-148). Arroyo indicated that he could lift and carry 15 to 20 pounds and rarely experienced fatigue. (Tr. 144). At that time, Arroyo indicated that his pain had been the same since 1988 and his wife later stated that this pain had been the same from 1991 through 1994. (Tr. 50; 145).

    The opinion of a treating physician is weighed based on, *inter alia*, length and frequency of treatment, nature and extent of treatment, and supportability through evidence. 20 C.F.R. § 404.1527(d). The ALJ properly assessed and rejected both treating physicians' opinions presented by Arroyo. The medical records indicate that Arroyo's recommended treatments included only Motrin for pain, exercise, and strength training for deconditioning. (Tr. 146; 216; 321). Dr. Hoffman's report from 2004 indicated a limitation to sedentary work from knee osteoarthritis. (Tr. 340-45). However, the ALJ found no evidence of a knee impairment during the relevant period. (Tr. 359 ¶ 2). Dr. Hoffman only began seeing Arroyo in 1994 and his report contains no objective evidence to support a limitation of sedentary work. (Tr. 208-216). In 2004, Dr. Balasubramanian stated that Arroyo had been disabled since 1988. (Tr. 315). As noted by the ALJ, disability determinations are specifically reserved to the ALJ by the Commissioner. SSR 96-5p. The ALJ gave little weight to this report because it did not contain any objective medical evidence. (Tr. 359 ¶ 1). The record also shows that Dr. Balasubramanian saw Arroyo in 1993, four

3

years after his laminectomy. (Tr. 162-63; 315; 320-21). Arroyo complained of lower back pain in connection with hemorrhoid surgery. (Tr. 320). However, the ALJ found that Arroyo's hemorrhoid surgery did not cause any severe impairments and did not consider it in subsequent steps.[3] (Tr. 355 ¶ 5). In May and June of 1993, Dr. Balasubramanian conducted a physical examination and completed a capabilities evaluation indicating a limitation to sedentary work.[4] (Tr. 162-63; 321). The ALJ did not assign great weight to these reported limitations because they were unsupported by any objective medical evidence such as an MRI. (Tr. 358 ¶ 6). Arroyo apparently did not see any physician during the period from June 28 to December 31, 1993, and in fact did not see one again until July 1994. (Tr. 216; 358 ¶ 1). The ALJ's decision to reject the opinions of Drs. Balasubramanian and Hoffman based on a lack of objective medical evidence and infrequent treatment and, thus, find a RFC of light work, is supported by substantial evidence.

      6.    Because the decision of the ALJ was both supported by substantial evidence and legally sufficient, Arroyo's request for relief must be denied and the decision must be affirmed.

      An appropriate Order follows.

---

[3] Arroyo does not dispute the finding by the ALJ that this impairment was not severe. Arroyo had fully recovered from this surgery in May 1993. (Tr. 320).

[4] It is unclear from the record if this evaluation was done following new treatment or the May 6 examination.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE A. ARROYO | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  07-5027 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**ORDER**

AND NOW, this      day of September, 2008, upon consideration of the brief in support of request for review filed by plaintiff, defendant's response and plaintiff's reply thereto (Doc. Nos.  8, 13, & 14) and having found after careful and independent consideration that the record reveals that the Commissioner applied the correct legal standards and that the record as a whole contains substantial evidence to support the ALJ's findings of fact and conclusions of law, for the reasons set forth in the memorandum above, it is hereby **ORDERED** that:

1. **JUDGMENT IS ENTERED IN FAVOR OF THE DEFENDANT, AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** and the relief sought by Plaintiff is **DENIED**; and

2. The Clerk of Court is hereby directed to mark this case closed.

  S/ Lowell A. Reed, Jr.
LOWELL A. REED, JR., Sr. J.